UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

STEVEN M. CHAPMAN,

    Petitioner,

v.                                                                                  Case No. 5:17-cv-40-Oc-35PRL

WARDEN, FCC COLEMAN – USP II,

    Respondent.
_____/

## ORDER

This matter is presented before the Court on the Petition for the Writ of Habeas Corpus filed by Steven M. Chapman ("the Petitioner"). On consideration, the Court finds that all three grounds asserted for this Court's consideration were known to Petitioner at the time of his criminal trial and subsequent appeal. Indeed, the basic contentions that underlie his ineffective assistance of counsel claims were raised, considered, and rejected, in the military appeals process. The assertion that this Court should overlook binding authority on the nature and extent of the military appeals and review process is unconvincing. Given the extensive litigation in the military system over the underlying questions involved, this Court declines to consider these issues on habeas review here. The third issue – failure to instruct the jury on "false confessions" – does not appear to have been raised in the military courts at all and was therefore waived. The failure to instruct would not rise to the level of a constitutional deprivation in any event. Accordingly, the Court Orders that the Petition is DISMISSED.

Factual and Procedural Background

Petitioner is a former active duty member of the United States Air Force. In 2002, he was convicted by a general court-martial in a gruesome case of rape, sodomy, burglary and attempted pre-meditated murder, in violation of 10 U.S.C. § § 920, 929, 880, 918, respectively. Appendix Exhibit 1 ("App. Ex."). The Petitioner was represented by counsel at his trial and there was significant litigation over the admissibility of Petitioner's confession at the trial level, including motions practice related to use of a consultant on false confessions and coercive interrogation techniques due to the use of Petitioner's personal files by his interrogators. (App. Ex. 2, 3).

Upon hearing the evidence in the case, including Petitioner's confession and extensive forensic evidence, a panel of officers sentenced Petitioner to a dishonorable discharge, confinement for life with the possibility of parole, forfeiture of all pay and allowances, and reduction to pay grade E-1.

Petitioner took an appeal to the Air Force Court of Criminal Appeals ("AFCCA"), where he was represented by counsel. In that appeal, he raised numerous assignments of error for review, including the contention that the military judge "erred by denying the defense request for an expert on false confessions." (App. Ex. 4 at 3). He also urged error by the military judge in failing to suppress statements by the Petitioner, due in part to the argument that the government improperly used the Petitioner's mental health records and allegedly exploited them in the interrogation of the Petitioner. Id. at 11-20.

The government filed a comprehensive brief in opposition (App. Ex. 5), to which Petitioner replied (App. Ex. 6). The AFCCA later denied the appeal on July 14, 2006. (App. Ex. 7). Petitioner moved for reconsideration (App. Ex. 8), which was denied. (App.

Ex. 9).

Petitioner sought review in the United States Court of Appeals for the Armed Forces ("CAAF") (App. Ex. 10), which was granted. In that appeal, he raised numerous alleged errors for appellate review, including:

> Whether the Military Judge Erred by Denying the Defense Request for an Expert on False Confessions Where the Linchpin of the Government's Case was Appellant's Confession and the Defense Theory of the Case was that the Confession was False; and
>
> Whether Appellant's Convictions Should Be Set Aside Because the Government's Conduct in Obtaining his Privileged Mental Health Records to use as a Background for Questioning him About the Alleged Offenses was Sufficiently Outrageous to Constitute a Denial of Due Process.

(App. Ex. 10 at 3; App. Ex. 11 at 1). Petitioner raised a number of issues pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982) (App. Ex. 10, 11). Review was granted, and the CAAF affirmed. (App. Ex. 12). Petitioner filed a petition for certiorari review with the United States Supreme Court (App. Ex. 13), which argued that the trial judge had erred in denying Petitioner's motion for an expert in false confessions. Id. at 3. Certiorari relief was denied. (App. Ex. 14). The convening authority approved the findings and sentence as adjudged. (App. Ex. 15).[1]

The Petitioner then commenced an onslaught of collateral attacks on his conviction through petitions for habeas corpus in district court and in the military justice system.

---

[1] Unlike Courts of standing jurisdiction, courts-martial are convened by military officers who wield that authority under the Uniform Code of Military Justice. Pursuant to R.C.M. 1107, once a military judge or court members have adjudged a sentence, the convening authority takes action on the sentence and may disapprove a legal sentence or change the nature of the punishment as long as the severity of the punishment is not increased. Prior to taking action, the convening authority must consider the result of the trial, the recommendation of the staff judge advocate, and any matters submitted by the accused, including requests for clemency and matters in mitigation. The convening authority may consider the record of the trial, the personnel records of the accused, and other appropriate matters. If the matters considered by the convening authority are adverse to the accused, the accused has a right to notice and an opportunity to rebut.

3

These habeas petitions were all unsuccessful, and include:

> Petition for writ of habeas corpus: Chapman v. Inch, case no. 5:08cv3022 (D. Kan.) (raising, inter alia, alleged error in denying Petitioner's motion to suppress his statement, and denying his request for an expert on false confessions; petition voluntarily dismissed) (App. Ex. 16,17);
>
> Petition for writ of habeas corpus: Chapman v. United States, Misc. Dkt. No. 2012-03 (USAF Ct. of Crim. App.)(raising, *inter alia*, alleged error in failure to suppress Petitioner's statements, denial of defense motion for expert on false confessions, failure to instruct on false confessions, and ineffective assistance of counsel; petition dismissed without prejudice)(App. Ex. 18, 19);
>
> Petition for writ of habeas corpus: Chapman v. United States, Misc. Dkt. No. 2013-31 (USAF Ct. of Crim. App.)(raising alleged error in refusing to instruct jury on false confessions, ineffective assistance of counsel in the litigation over the defense request for an expert in false confessions and in the appellate process as it related to alleged errors concerning the search and seizure of Petitioner's mental health records; petition dismissed without prejudice)(App. Ex. 20, 21);
>
> Petition for writ of habeas corpus and coram nobis relief: Chapman v. United States, Misc. Dkt. No. 2014-16 (USAF Ct. of Crim. App.) (raising alleged error concerning failure to instruct jury on false confessions, and ineffective assistance of counsel; habeas relief denied for lack of jurisdiction, coram nobis relief denied on the merits)(App. Ex. 22, 23).

The Petitioner unsuccessfully moved for reconsideration of the denial of his final petition (App. Ex. 24). In denying that motion the court foreclosed the filing of any further petitions for habeas relief. (App. Ex. 25). Petitioner then filed a petition in the Court of Appeals for the Armed Forces seeking a writ in the nature of habeas corpus under the All Writs Act (App. Ex. 26), which was denied. (App. Ex. 27).

In denying Petitioner relief in his final petition for habeas corpus and coram nobis, the AFCCA found that he had not met the threshold requirements for the latter to the extent the request was grounded upon the military judge's failure to give a jury instruction because

4

> Petitioner has not set forth valid reasons why he did not seek relief earlier. On direct appeal, Petitioner asserted several errors and an additional 13 errors pursuant to his rights under United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982). Petitioner provides no explanation as to why the military judge's failure to provide an instruction was not challenged during direct appeal.

(App. Ex. 23 at 5).

Petitioner filed this petition for habeas corpus on Feb. 1, 2017. (Doc. 1). He raises three issues for review: 1) whether the military judge had a *sua sponte* duty to give an instruction on false confession, as it was raised by the evidence presented at trial; 2) whether Petitioner's detailed defense counsel was ineffective when they failed to use the psychologist already assigned to the defense to investigate whether petitioner was susceptible to coercive techniques; and 3) whether petitioner's defense appellate counsel was ineffective when they refused to raise an issue in accordance with U.S. v. Grostefon, 12 M.J. 431 (1982) regarding the use of Petitioner's mental health records by military investigators and ultimately by the prosecution. (Doc. 1 at pp. 7-10).

Legal Argument

   I.   The military courts gave full and fair consideration to the substance of these issues, making them inappropriate for habeas review.

While federal courts have jurisdiction to consider petitions for habeas corpus filed by military prisoners under 28 U.S.C. §§ 2241-2255, the Court's scope of review of such petitions is limited. The Supreme Court has held that "when a military decision has dealt fully and fairly with an allegation raised in that application [for habeas corpus], it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." Burns v. Wilson, 346 U.S. 137, 142

(1953). Civilian courts give broad deference to the military in civilian collateral review of court-martial convictions. See Watson v. McCotter, 782 F.2d 143, 144 (10th Cir.), cert. denied, 476 U.S. 1184 (1986); U.S. ex rel. Berry v. Commanding General, 411 F.2d 822, 824 (5th Cir. 1969); Davis v. Lansing, 202 F. Supp. 2d 1245, 1249 (D. Kan.), aff'd, 65 Fed. Appx. 197 (10th Cir. 2003).

The military's criminal justice system is independent of the system overseen by Article III courts, and it is governed by the Uniform Code of Military Justice and the Manual for Courts-Martial. The military system provides for courts-martial, post-trial clemency, and appellate review. Considerations of comity weigh heavily upon collateral review of court-martial convictions by the civilian courts. Accordingly, it is a generally accepted principle of law that habeas petitions alleging errors by military courts must be denied, where those alleged errors were given "full and fair consideration" by the military tribunal. See Lips v. Commandant, U.S. Disciplinary Barracks, 997 F. 2d 808, 811 (10th Cir. 1993), cert. denied, 510 U.S. 1091 (1994). A district court may not review challenges to military courts-martial unless the military courts have "manifestly refused to consider those claims." Burns, 346 U.S. at 142; Davis, 202 F. Supp. 2d at 1249. Furthermore, federal courts "will not review petitioners' claims on the merits if they were not raised at all in the military courts." Watson, 782 F.2d at 145; see also Roberts v. Callahan, 321 F.3d 994, 995 (10th Cir. 2003) ("if a ground for relief was not raised in the military courts, then the district court must deem that ground waived."), cert. denied, 540 U.S. 973 (2003).

Under these standards, this Court denies the Petitioner habeas relief.

Petitioner has exhaustively litigated, in substance, two of the issues that he presents to this Court. The voluntariness of his confession and the use of his mental health records by investigators and the prosecution team were hotly contested issues at trial and on appeal. He unsuccessfully moved to suppress his statements to investigators, based in part on the allegedly unconstitutional seizure of his mental health records. (See App. Ex. 4 at 11-20; App. Ex. 5 at 41-51). He unsuccessfully sought a consultant on the issue of coerced confessions. (App. Ex. 2, 3). The military judge's rulings on both of these issues were asserted as alleged grounds for reversal on direct appeal. (App. Ex. 4, 10, 11, 13). The government's appellate brief in opposition summarizes the prosecution's response to the Petitioner's arguments below, and the trial court's rulings against the Petitioner. (App. Ex. 5, at 41-51, 94-96). Petitioner offers no explanation for why the ineffective assistance of counsel arguments have surfaced only now, many years after the conclusion of his trial, and in any case, it cannot be fairly argued that the military justice system "manifestly refused to consider [these] claims." Burns, 346 U.S. at 142. While Petitioner is correct that collateral review of such claims may not be afforded in the military tribunal, they can be raised on direct appeal.

Petitioner offers no evidence that the alleged error relating to the failure to give an instruction concerning false confessions was raised at the trial or appellate levels. The Petition states that the issue was not raised, Doc. 1 at 7, and the United States offers no evidence of it in the record. Accordingly, the issue may not be raised as a possible grounds for relief here. Roberts, 321 F.3d at 995; White v. Nickels, case no. 98-3085-RDR, 1999 WL 571055 at *2 (D. Kan. July 23, 1999).

As the military appeals court observed in denying the last petition asserting this argument, no explanation has been offered why the failure to provide the instruction was not challenged during direct appeal. (App. Ex. 22). Petitioner certainly should have been aware of the issue at the time of his trial, and the failure to raise the alleged error on direct appeal precludes its review here.

    II.    The Petitioner's ineffective assistance of counsel claims should be <u>denied on the merits.</u>

A criminal defendant in the military justice system is entitled to the effective assistance of counsel. <u>Denedo v. United States</u>, 66 M.J. 114, 127 (C.A.A.F.), <u>aff'd</u>, 556 U.S. 904 (2009). While the Eleventh Circuit has held that ineffective assistance of counsel claims are ordinarily not presented on direct appeal in a civilian case, <u>United States v. Arango</u>, 853 F. 2d 818, 823 (11th Cir. 1988), that principle does not appear to apply in military justice cases, where defendants commonly raise ineffective assistance of counsel claims on direct appeal. <u>See</u> <u>United States v. Ingham</u>, 42 M.J. 218 (C.A.A.F. 1995) (discussing direct appeal from conviction that raised ineffective assistance of counsel claims); <u>Watson</u>, 782 F.2d at 144 (same).

Moreover, criminal defendants in military justice proceedings have special procedural protections under <u>United States v. Grostefon</u>, <u>supra</u>, pursuant to which appellate counsel raise issues on direct appeal at the insistence of a convicted defendant even when counsel determines those appellate issues are without merit. Petitioner invoked his rights under <u>Grostefon</u> in his direct appeal (App. Ex. 4, 8, 10), and he did not include the ineffective assistance of counsel issues that he now raises in this habeas proceeding. Objectively, Petitioner must have been aware of the basis for those claims and he has nowhere explained here why they are

8

properly raised for the first time now, many years later. Petitioner cannot assert these matters on this petition for that he failed to raise on direct appeal, including issues relating to his confession and the prosecution's use of his mental health records. Ingham v. Tillery, 42 F. Supp. 2d 1188, 1191 (D. Kan.) (declining to grant habeas review of ineffective assistance of counsel claim raised for the first time in certiorari petition), aff'd, 201 F3d 448 (10th Cir. 1999).

Even if the claim were not procedurally barred, they lack substantive merit. The Supreme Court imposes a two-part test for such a claim, requiring the claimant to show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). As this Court has held, "[t]he criterion for attorney performance is that of *reasonably* effective assistance…. In evaluating counsel's performance, the court must be highly deferential of counsel's conduct and 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Chiong v. United States, case no. 8:01-CR-37-T-30EAJ, 2006 WL 923765 at *2 (M.D. Fla. Apr. 10, 2006) (emphasis in original), quoting Strickland, 466 U.S. at 689. An attorney's performance should be measured "on the totality of the circumstances in the entire record, rather than on specific actions." Id. As the Eleventh Circuit has made clear, the issue is not what is possible, or "what is prudent or appropriate, but only what is constitutionally compelled." Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir.), cert. denied, 531 U.S. 1204 (2001), quoting Burger v. Kemp, 483 U.S. 776 (1987).

As the totality of circumstances in the record make clear, Petitioner's

counsel vigorously litigated the admissibility of his confession, his desire to retain a consultant on the issue of false confessions, and his arguments alleging the prosecution's misuse of mental health records in connection with his interrogation and confession.

Petitioner claims in his habeas petition that his counsel "did not use the psychologist already assigned to perform the task or to ask for an evidentiary hearing" in order to establish that the Petitioner was susceptible to coercive techniques. Doc. 1 at 7-8. The government's appellate brief at App. Ex. 5 at pp. 94-96 describes at length the arguments that were made at the trial level concerning this issue. Petitioner further complains that his appellate counsel was deficient because "appellate counsel could have challenged the discretion of the military judge" regarding his rulings on the issue, and could have briefed "the bad faith efforts of AFOSI … to get the mental health records and the fact that AFOSI took said information and gave it to [the person] who structured the interrogation used against Petitioner." Doc. 1 at 8, 10. The government's appellate brief at App. Ex. 5 describes the arguments made concerning the voluntariness of the Petitioner's confession (see pp. 41-51), and in particular the issue concerning his mental health records (see pp. 49-51). Thus, the record demonstrates that Petitioner's counsel raised these defenses and litigated them at both the trial and appellate levels. To the extent that Petitioner challenges the efficacy of counsel's strategies in pursuing the defenses, the writ of habeas is unavailable to afford relief. Moreover, viewing the totality of the circumstances, the Court cannot find that the specific actions Petitioner complains of amount to ineffective assistance

of counsel. Chandler, 218 F.3d at 1313.

In light of Petitioner's heavy burden to establish ineffective assistance of counsel as a general matter and the special deference owed to the military courts in particular, and, importantly the exhaustive level of process afforded the Petitioner in the military tribunal, the Court DENIES Petitioner's claim for relief.

**DONE AND ORDERED** in Ocala, Florida, this 22nd day of January, 2020.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE